404 U.S. 1215
 '/P>
92 S.Ct. 14
30 L.Ed.2d 19
GUEY HEUNG LEE et al.
v.
David JOHNSON et al.
No. A—203.
 Aug. 25, 1971.
 
 Mr. Justice DOUGLAS, Circuit Justice.
 
 
 1
 Applicants are;Americans of Chinese ancestry who seek a stay of a Federal District Court's order reassigning pupils of Chinese ancestry to elementary public schools in San Francisco. The order was made in a school desegregation case, the San Francisco Unified School District having submitted a comprehensive plan for desegregation which the District Court approved.
 
 
 2
 There are many minorities in the elementary schools of San Francisco; and while the opiniou of the District Court mentions mostly the Blacks, there are in addition to whites, Chinese, Japanese, Filipinos, and Americans both of African and Spanish ancestry. The schools attended by the class here represented are filled predominantly with children of Chinese ancestry—-in one 456 out of 482, in another 230 out of 289, and in a third, 1,074 out of 1,111.
 
 
 3
 Historically, California statutorily provided for the establishment of sekarate schools for children of Chinese ancestry.* That was the clasic case of de jure segregation involved in Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, relief ordered, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083. Schools once segregated by state action must be desegregated by state action, at least until the force of the earlier segregation policy has been dissipated. 'The objective today remains to eliminate from the public schools;all vestiges of state-imposed segregation.' Swan v. Charlotte-Mecklenburg Board o